*E-FILED 10-07-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE WATTS,<br><br>    Plaintiff,<br>  v.<br><br>THE SAN MATEO COUNTY COUNSEL AGENCY, et al.,<br><br>    Defendants.<br>_____/<br><br>JACQUELINE WATTS,<br><br>    Plaintiff,<br>  v.<br><br>EAST PALO ALTO CITY ATTORNEY, et al.,<br><br>    Defendants.<br>_____/ | No. C09-03099 HRL<br>No. C09-03241 HRL<br><br>**ORDER RELATING CASES**<br><br>**ORDER THAT CASES BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[C09-03099: Docket Nos. 2, 4]**<br>**[C09-03241: Docket No. 2]** |

   Pro se plaintiff Jacqueline Watts filed the instant actions, along with applications to proceed *in forma pauperis* ("IFP applications"). In Case No. C09-03099, Watts also filed a motion requesting "a Pro Bono Federal Court Lawyer." Pursuant to Civil Local Rule 3-12, the undersigned finds that these cases are related. Having considered plaintiff's applications and the files in these matters, IT IS ORDERED that these cases be reassigned to a District Court Judge with the recommendation that (a) the applications to proceed *in forma pauperis* be granted; (b) the complaints be dismissed without prejudice for lack of federal jurisdiction; and

(c) plaintiff's remaining motions be denied as moot.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Based upon Watts' IFP applications, it appears that she does not have sufficient assets or income to pay the filing fee. Accordingly, it is recommended that her applications to proceed without the payment of that fee be granted.

However, the court's grant of her IFP applications does not mean that Watts may continue to prosecute her complaints. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The allegations of Case Nos. C09-03099 and C09-03241 seem to stem from a settlement agreement reached in a state court conservatorship proceeding concerning Watts' grandmother, Inez Thompson. The gravamen of both complaints is that defendants allegedly breached that settlement agreement and engaged in fraud and theft by reportedly (a) breaking into and putting a lien on Watts' home; (b) arresting Watts for alleged elder abuse and embezzlement; and (c) seizing Watts' automobile and bank accounts. In Case No. C09-03241, Watts alleges, in conclusory fashion, that defendants "violated all my constitutional rights in every way." (Complaint at 3). But her complaints do not raise a question of federal law sufficient to invoke jurisdiction under 28 U.S.C. § 1331. Nor is it apparent that there is a basis for diversity jurisdiction under 28 U.S.C. § 1332.[1]

---

[1] The instant actions are the fifth and sixth in a series of federal lawsuits filed by Watts that appear to relate to the same underlying events. Watts' four other federal cases were all filed on June 17, 2009: C09-02690HRL; C09-02696EDL; C09-02719RMW; and C09-02720JF. Each of those complaints has been found insufficient to raise federal jurisdiction.

2

Absent consent, however, a magistrate judge has no authority to issue a dispositive order.  28 U.S.C. § 636(b)(1).  Therefore, these cases shall be reassigned to a District Judge with the recommendation that the IFP applications be granted, the complaints be dismissed without prejudice, and all remaining motions be denied as moot.

Dated:    October 7, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:09-cv-3099 HRL Notice mailed to:

Jacqueline Watts
P.O. Box 213
Palo Alto, CA 94302

5:09-cv-3241 HRL Notice mailed to:

Jacqueline Watts
P.O. Box 213
Palo Alto, CA 94302